# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| FREDRICK DEWAYNE GROSS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil No. 3:16-cv-2253 |
| ) | Judge Trauger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM & ORDER

Pending before the court is a Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255, filed by the petitioner, Frederick Dewayne Gross (Docket No. 1),[1] to which the Government has filed a Response (Docket No. 9), and Gross has filed a Reply (Docket No. 12). For the reasons set forth herein, Gross's motion will be denied and this action will be dismissed.

## BACKGROUND

In 2009, Gross was convicted by jury trial of violating 18 U.S.C. § 922(g)(3) by being an addict in possession of a firearm and violating 18 U.S.C. § 922(g)(1) by being a felon in possession of a firearm. He was sentenced to 180 months of imprisonment on each count, to run concurrently with each other, to be followed by five years of supervised release, pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). (Case No. 3:09-cr-00071-1, Docket No. 64.) The ACCA imposes a 15-year mandatory minimum sentence for defendants who have three previous

---

[1] On August 19, 2016, the Sixth Circuit issued an order granting Gross's request to file this second or successive petition under § 2255. (Docket No. 1.) He has appointed counsel.

convictions for a "violent felony" or a "serious drug offense" and are subsequently convicted of certain firearms offenses. 18 U.S.C. § 924(e)(1). Gross's armed career criminal status was based on three prior Tennessee convictions—for aggravated assault in 1991 and 1996, and for burglary other than of a habitation in 2004. The Sixth Circuit affirmed Gross's firearm convictions. *United States v. Gross*, 432 F. App'x 490, 497 (6th Cir. 2011). The Supreme Court denied Gross' writ of certiorari. *Gross v. United States*, 132 S. Ct. 858 (2011).

In 2012, Gross filed an amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The court granted Gross's motion, holding that Gross's trial counsel was constitutionally deficient in failing to challenge Gross's dual convictions on double jeopardy grounds. *Gross v. United States*, No. 3:12-1274, 2013 WL 2300753, at *5 (M.D. Tenn. May 24, 2013). The court vacated Gross's conviction for being a drug addict in possession of a firearm. *Id*. Gross then filed a motion with the Sixth Circuit seeking permission to file a second or successive motion to vacate his sentence. On August 19, 2016, the Sixth Circuit granted Gross's motion and transferred the case to this court for further proceedings. (Docket No. 1.)

Gross's second motion challenges his mandatory minimum ACCA sentence, arguing that his convictions no longer qualify as violent felonies under the ACCA and therefore cannot be used as predicates for ACCA purposes. Gross relies on *Johnson v. United States*, 135 S. Ct. 2551, 2562–63 (2015), in which the Supreme Court invalidated the ACCA's residual clause as fatally vague. The Sixth Circuit held that, in light of *Johnson*, further proceedings are necessary to determine whether Gross's prior Tennessee convictions for non-habitation burglary and aggravated assault support his sentence enhancement under ACCA provisions other than the now-invalidated residual clause. (Docket No. 1.)

## LEGAL STANDARD

§ 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under § 2255, Gross "'must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)).

If a factual dispute arises in a § 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray*, 721 F.3d at 761; *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

Having reviewed the records filed in Gross's underlying criminal cases, as well as the filings in this case, the court finds it unnecessary to hold an evidentiary hearing because the records conclusively establish that Gross is not entitled to relief on the issues raised.

## **ANALYSIS**

Gross requests that the court apply *Johnson* to reduce his sentence. In *Johnson,* the Supreme Court held that the so-called "residual clause" of the ACCA is unconstitutionally vague. The "residual clause" is part of the ACCA definition of "violent felony," as set forth below in italics:

> (2) As used in this subsection–

> . . .
>> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
>>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>>
>>> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. . .

(emphasis added). In *Johnson*, the Court specifically explained that its decision did not call into question the remainder of the Act's definition of "violent felony." 135 S. Ct. at 2563. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that the *Johnson* decision announced a substantive rule that applies retroactively on collateral review.

In determining whether a prior conviction satisfies the ACCA's definition of "violent felony," courts are to use the "categorical approach," which focuses on the statute defining the prior offense rather than the facts underlying the prior conviction. *See, e.g., Taylor v. United States,* 495 U.S. 575, 600 (1990); *Southers,* 866 F.3d at 366. If a statute "sets out a single (or 'indivisible') set of elements to define a single crime," then the court simply compares those elements to the ACCA definition to see if they match. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). If the elements of the statute include a wider range of conduct than the ACCA definition, the prior conviction cannot count as an ACCA predicate. 136 S. Ct. at 2248–49.

If a statute is "divisible," in that it lists elements in the alternative to define multiple crimes, however, courts are to use the "modified categorical approach." *Id.* at 2249. Under that approach, "a sentencing court looks to a limited class of documents (for example, the indictment, jury

instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.* (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)).[2] Once the crime of conviction is determined, the court can then make the comparison of elements required by the categorical approach. *Id.*

Gross argues that none of his convictions qualifies as an ACCA predicate under the modified categorical approach. The court will consider Gross's arguments in turn.

1. Aggravated Assault

Gross first contends that, in the absence of the residual clause, his prior convictions for aggravated assault no longer qualify as "violent felonies" under the ACCA. In its Response, the government counters that the convictions qualify as violent felonies under the definition's "use-of-force" clause and are therefore unaffected by *Johnson*. As set forth above, the use-of-force clause includes offenses that have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court has defined the requisite "physical force" as "violent force–that is, force capable of causing physical pain or injury to another person." *[Curtis] Johnson v. United States*, 559 U.S. 133, 140 (2010). *See also United States v. Southers,* 866 F.3d 364, 366 (6th Cir. 2017).

The full text of Tenn. Code Ann. § 39-13-102(a) (1990), which governed Gross's first conviction, reads:

(a) A person commits aggravated assault who:

(1) Commits an assault as defined in § 39-13-101 and:

(A) Causes serious bodily injury to another; or

(B) Uses or displays a deadly weapon; or

---

[2] The court will hereinafter refer to these documents as *Shepard* documents.

> (2) Being the parent or custodian of a child or the custodian of an adult, intentionally or knowingly fails or refuses to protect such child or adult from an aggravated assault described in subsection (a); or
>
> (3) After having been enjoined or restrained by an order, diversion or probation agreement of a court of competent jurisdiction from in any way causing or attempting to cause bodily injury or in any way committing or attempting to commit an assault against an individual or individuals, attempts to cause or causes bodily injury or commits or attempts to commit an assault against such individual or individuals.

The 1996 version of the Tennessee aggravated assault statute, which governed Gross's second conviction, reads in relevant part:

> (a) A person commits aggravated assault who:
>
> > (1) Intentionally or knowingly commits an assault as defined in § 39-13-101 and:
> >
> > > (A) Causes serious bodily injury to another; or
> > >
> > > (B) Uses or displays a deadly weapon; or
> >
> > (2) Recklessly commits an assault as defined in § 39-13-101(a)(1), and:
> >
> > > (A) Causes serious bodily injury to another; or
> > >
> > > (B) Uses or displays a deadly weapon.
>
> (b) A person commits aggravated assault who, being the parent or custodian of a child or the custodian of an adult, intentionally or knowingly fails or refuses to protect the child or adult from an aggravated assault as defined in subdivision (a)(1) or aggravated child abuse as defined in § 39-15-402.
>
> (c) A person commits aggravated assault who, after having been enjoined or restrained by an order, diversion or probation agreement of a court of competent jurisdiction from in any way causing or attempting to cause bodily injury or in any way committing or attempting to commit an assault against an individual or individuals, intentionally or knowingly attempts to cause or causes bodily injury or commits or attempts to commit an assault against the individual or individuals.

Tenn. Code Ann. § 39-13-102 (1996). The 1996 version of the statute set forth above is essentially the same as the current version. In comparing the current version with the 1990 version, the Sixth Circuit has explained that "[t]he substantive language of the [1990] and current versions of the

6

Tennessee aggravated assault statutes is nearly identical. The main difference is that the current version lists reckless aggravated assault and knowing/intentional aggravated assault as separate subsections and reduces reckless aggravated assault from a Class C to a Class D felony." *Davis v. U.S.*, 900 F.3d 733, 735 (6th Cir. 2018), cert. denied, No. 18-6706, 2019 WL 1318598 (U.S. Mar. 25, 2019) (hereinafter referred to as "*Davis A*").

Gross argues that his convictions under Section 39-13-102 do not constitute violent felonies under the use-of-force clause because: (1) the 1990 version of the statute—which governed Gross's first conviction—did not differentiate between reckless and intentional conduct, and; (2) the statute does not require the use of violent force, as it can be satisfied by non-violent offensive contacts, such as cutting an unwilling victim's hair, or by non-forceful deadly weapons such as poison. The Sixth Circuit recently foreclosed these arguments. In *Davis (A)*, the Sixth Circuit held that Tennessee aggravated assault convictions under subsection -102(a)(1) categorically qualify as "crime[s] of violence." 900 F.3d at 736. The Sixth Circuit considered and rejected the argument that convictions under the 1990 version of the statute are not ACCA predicates because they potentially charged only reckless conduct. *Id*. Applying other recent precedent, the Sixth Circuit reiterated that reckless conduct satisfies ACCA's use-of-force definition. The court explained:

> [T]his circuit ruled in *United States v. Verwiebe* that a mental state of recklessness is sufficient to qualify a conviction as a crime of violence under the use-of-force clause following the intervening Supreme Court decision in [*Voisine v. United States*, 136 S. Ct. 2272 (2016)], which necessarily overturned this circuit's precedent in [*United States v. McMurray*, 653 F.3d 367, 377 (6th Cir. 2011)]. 874 F.3d 258, 262 (6th Cir. 2017) ("[W]e have held that a crime requiring only recklessness does not qualify as a crime of violence . . . . But since [that decision], the Supreme Court has found recklessness sufficient to constitute a crime that 'has, as an element, the use or attempted use of physical force.'").

> Furthermore, this circuit has subsequently applied *Verweibe* specifically to the Tennessee aggravated assault statute, concluding that reckless aggravated assault

7

in Tennessee is a crime of violence under the use-of-force clause. *United States v. Harper*, 875 F.3d 329, 330 (6th Cir. 2017) (holding that *Verwiebe*, while mistaken, governs this case). Although both *Verwiebe* and *Harper* dealt with the use-of-force clause under U.S.S.G § 4B1.2, their holdings apply equally to the ACCA's use-of-force clause because both clauses have consistently been construed to have the same meaning. *See, e.g., United States v. Patterson*, 853 F.3d 298, 305 (6th Cir. 2017). Thus, *Harper* is binding, and [§ 39-13-102(a)(1)]$^3$ is categorically a crime of violence.

*Id*. Whether Gross's 1991 conviction was based on a reckless or intentional *mens rea* is thus irrelevant. *See Lowe v. United States*, No. 17-5490, 2019 WL 1487306, at *1 n.1 (6th Cir. Apr. 4, 2019) ("Lowe also argues that his conviction for aggravated assault cannot be an ACCA predicate because the Government has not demonstrated that he was convicted for acting intentionally rather than recklessly. Our recent holding in [*Davis A*] forecloses this argument, as we held that both reckless and intentional aggravated assault in Tennessee qualify as violent felonies."). And, because the Sixth Circuit has determined that subsection -102(a)(1) is categorically a crime of violence, Gross cannot prevail on his arguments that the statute does not require the use of violent force. *See Davis A*, 900 F.3d at 736; *Lowe*, 2019 WL 1487306, at *1 n.1.

Gross next argues that his convictions under Section 39-13-102 cannot qualify as ACCA predicates because subsections -102(b) and -102(c) criminalize status-based types of aggravated assault that are definitionally non-violent. Gross relies on *U.S. v. Martinez-Ortega*, 482 F. App'x 96 (6th Cir. May 31, 2012), in which the Sixth Circuit held that convictions under Section 39-13-

---

$^3$ In what appears to be a typographical error, this sentence of the *Davis A* opinion cites to the Tennessee statute for simple assault, Section 39-13-10**1**(a)(1), rather than the aggravated assault statute, Section 39-13-10**2**(a)(1). *Davis A*, 900 F.3d at 736 (emphasis added). It is clear from context that the Sixth Circuit was addressing the latter. The paragraph concluding with the apparent error discusses only aggravated assault. *Id*. All three of the defendant's convictions were for aggravated assault, not simple assault. *Id*. at 735. And the opinion begins: "Because Tennessee reckless aggravated assault, § 39-13-102(a)(1), is a crime of violence under the use-of-force clause of the Armed Career Criminal Act . . . we reverse the judgment of the district court." *Id*. at 734–35. The court will thus proceed with the understanding that the Sixth Circuit's holding applies to Section 39-13-102(a)(1).

102 are not categorically crimes of violence if the government fails to prove under which subsection the defendant was charged. The court reasoned that, because the government did not present evidence on which subsection Martinez–Ortega violated, it could not rule out the possibility that he was charged under subsection -102(c). *Id*. at 99. Subsection -102(c) provides that a defendant can be convicted of aggravated assault by committing a simple assault while under a restraining order, and simple assault does not require the use of violent force. *Id*. at 99–100. The court thus concluded that Martinez-Ortega's conviction was not, categorically, a crime of violence for ACCA purposes.

In *Davis A*, the court considered and rejected a substantially similar argument premised on *Martinez-Ortega*. In *Davis A*, the Sixth Circuit looked at *Shepard* documents to determine that Davis was not charged under subsections -102(b) or -102(c). *Davis A*, 900 F.3d at 735. The court held that the case was distinguishable from *U.S. v. Martinez-Ortega* because the *Shepard* documents demonstrated that Davis was charged under subsection -102(a)(1). The court explained:

> Both juvenile petitions for the 1991 and 1992 aggravated assaults clearly indicate that Davis was charged under subsection (a)(1). The 1991 petition states that "Davis . . . violated T.C.A. 39-13-102, aggravated assault, by shooting Victor Michael Harris with a deadly weapon, causing serious bodily injury to the victim." And the 1992 petition states that "Davis . . . fir[ed] a handgun at Toi Lamont Melvin, striking him in the chest and causing serious bodily injury." Neither of these petitions indicates that Davis failed to protect a child under the (a)(2) variant[4] or was subject to a restraining order—an element necessary for the (a)(3) variant.

*Id*. at 737.

---

[4] The (a)(2) and (a)(3) variants referenced by the Sixth Circuit are found in the 1990 version of the statute and directly correspond to subsections -102(b) and -102(c), respectively, of the current statute.

9

Gross's argument under *Martinez-Ortega* fails for the same reason. The relevant *Shepard* documents make clear that Gross's aggravated assault convictions were secured under subsection -102(a)(1). With regard to Gross's 1991 conviction, Count I of the indictment charged that Gross "intentionally or knowingly did cause [a person] to reasonably fear imminent bodily injury, and [Gross] did use a deadly weapon, to wit: a knife in violation of T.C.A. § 39-13-102, and against the peace and dignity of the State of Tennessee." (Docket No. 9-1 at 1.) Gross pleaded guilty to the count as charged. (*Id.* at 2–3.) Likewise, with regard to Gross's 1996 conviction, the indictment states that Gross "intentionally or knowingly did cause [a person] to reasonably fear imminent bodily injury . . . and did use or display a deadly weapon, to wit: two (2) knives, in violation of Tennessee Code Annotated § 39-13-102." (Docket No. 9-2 at 1.) Again, Gross pleaded guilty to the count as charged. (*Id.* at 2–3.) None of the *Shepard* documents for either conviction contains any indication that Gross failed to protect a child or was subject to a restraining order, which are required elements for convictions under, respectively, subsections -102(b) and -102(c) (or -102(a)(2) and -102(a)(3) under the 1990 version). It is clear from the record before the court that both of Gross's aggravated assault convictions were under subsection -102(a)(1). *Cf. Davis A*, 900 F.3d at 737. His reliance on *Martinez-Ortega* is therefore misplaced, and both of his aggravated assault convictions are crimes of violence for ACCA purposes.

2. Burglary other than a habitation

Gross next argues that his prior burglary conviction cannot be considered a predicate offense for ACCA purposes because it is not an enumerated offense under § 924(e)(2)(B)(ii). As noted above, § 924(e)(2)(B)(ii) states that any crime that "is burglary, arson, or extortion, involves use of explosives" qualifies as a violent felony under ACCA. Gross contends that his conviction

does not qualify as a violent felony because Tennessee defines the crime of burglary more broadly than the generic definition. Tennessee's burglary statute provides:

> (a) A person commits burglary who, without the effective consent of the property owner:
>
> (1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;
>
> (2) Remains concealed, with the intent to commit a felony, theft or assault, in a building;
>
> (3) Enters a building and commits or attempts to commit a felony, theft or assault; or
>
> (4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.

Tenn. Code Ann. § 39-14-402. The generic definition of burglary is "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *United States v. Stitt*, 139 S. Ct. 399, 405–06 (2018).

Gross relies on the Supreme Court's 2016 decision in *Mathis*, in which the Court held that Iowa's burglary statute was broader than the generic definition of burglary because it covered a wider swath of conduct and therefore did not qualify as an ACCA predicate. *Mathis*, 136 S. Ct. at 2257. The Court reasoned:

> The generic offense requires unlawful entry into a "building or other structure." Iowa's statute, by contrast, reaches a broader range of places: "any building, structure, [or] land, water, or air vehicle." And those listed locations are not alternative elements, going toward the creation of separate crimes. To the contrary, they lay out alternative ways of satisfying a single locational element, as the Iowa Supreme Court has held: Each of the terms serves as an "alternative method of committing [the] single crime" of burglary, so that a jury need not agree on which of the locations was actually involved.

*Id.* at 2250.

Gross argues that Tennessee's burglary statute is likewise broader than the generic definition of burglary because of subsection -402(a)(4), which criminalizes entry into any "freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle" for illicit purposes. However, the Sixth Circuit recently affirmed, post-*Mathis*, that the categorical approach applies to subsection -402(a). *United States v. Davis*, 737 F. App'x 736 (6th Cir. 2018) (hereinafter referred to as "*Davis B*"). In *Davis B*, the defendant raised a *Mathis*-based challenge to his Tennessee burglary conviction. The Sixth Circuit rejected the argument, explaining:

> Davis' initial argument—which generally analogizes Tennessee burglary with the Iowa statute at issue in *Mathis*—is without merit. The statute at issue in *Mathis* indivisibly criminalized unlawful entry into "any building, structure, [or] land, water, or air vehicle." Because of that language, *Mathis* held that the Iowa statute was broader than generic burglary and that convictions under that section could not serve as ACCA predicates. While Tenn. Code Ann. § 39-14-402(a)(4) similarly criminalizes entry into "any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle" with criminal intent, it is set off—and thus divisible—from §§ 39-14-402(a)(1)-(3), which do not similarly expand on the federal system's definition of generic burglary. In [*United States v. Priddy,* 808 F.3d 676, 685 (6th Cir. 2015)], this Court established that violations under § 39-14-402(a)(1), (a)(2), or (a)(3) qualify as generic burglary because they each involve "unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime," and violations of § 402(a)(4) do not qualify. Thus, *Mathis* plainly does not imply that Tennessee burglary convictions are not ACCA predicate offenses.

*Id*. at 738–39 (internal citations omitted).[5]

The court must therefore look to the *Shepard* documents to determine whether Gross's claim was brought under subsections -402(a)(1)-(3) or subsection -402(a)(4). As the Sixth Circuit noted in *Priddy*, this determination can be made based on what class of felony Gross was charged with:

---

[5] The Supreme Court's recent ruling in *Stitt* does not affect the Sixth Circuit's analysis in *Davis B*. *Stitt* dealt with Tennessee's aggravated burglary statute, Tenn. Code Ann. § 39-14-403, and held that burglary of a structure or vehicle that has been adapted for overnight accommodation qualifies as enumerated burglary for ACCA purposes. *Stitt*, 139 S. Ct. at 406.

> The Tennessee burglary statute, however, provides an easier way to distinguish the variants of the offenses which are generic burglary—§ 39–14–402(a)(1), (a)(2), and (a)(3)—from the variant which is not—§ 39–14–402(a)(4). The statute labels violations of its first three subsections as "Class D felonies," Tenn. Code Ann. § 39–14–402(c), but labels a violation of the fourth subsection as only a "Class E felony," Tenn. Code Ann. § 39–14–402(d). Therefore, if the conviction records for a Tennessee burglary offense indicate that the defendant was convicted of a Class D felony, then that offense was necessarily a violation of Tenn. Code Ann. § 39–14–402(a)(1), (a)(2), or (a)(3) and, as a result, was a generic burglary under *Taylor*.

*Priddy*, 808 F.3d at 685 (internal citations omitted). The judgment here states that Gross's burglary conviction was a Class D felony. (Docket No. 1-1 at 35.) It is thus apparent that he was not convicted under subsection -402(a)(4). *Cf. Priddy*, 808 F.3d at 685 ("Here, both Defendant and the government agree that Defendant pleaded guilty to a Class D felony. Given this fact, we can safely conclude that Defendant must have been charged with violating subsection (a)(1), (a)(2), or (a)(3)."). Gross's burglary conviction therefore qualifies as an ACCA predicate offense.

Because Gross's convictions all still qualify as violent felonies for ACCA purposes under provisions besides the now-invalid residual clause, Gross's sentence remains statutorily mandated. His motion will be denied.

## **CONCLUSION**

For the reasons set forth herein, the court concludes that Gross's request for § 2255 relief is without merit. Accordingly, his Motion to Vacate is denied and this action is dismissed.

If Gross gives timely notice of an appeal from the court's Memorandum and Order, such notice shall be treated as an application for a certificate of appealability, 28 U.S.C. § 2253(c), which will not issue because Gross has failed to make a substantial showing of the denial of a constitutional right. *Castro v. United States,* 310 F.3d 900 (6th Cir. 2002).

Entry of this Order shall constitute the judgment in the case.

13

It is so **ORDERED.**

_____
ALETA A. TRAUGER
U.S. District Judge